1   **cc: Order, Letter transmittal and**
2   **docket sheet to LASC,**                    JS - 6
3   **Case No. BC561249**

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  **ESTHER RETA MONTES DE OCA,** )    CV 14-9230 RSWL (MANx)
                                )    **AMENDED**
12              **Plaintiff,**   )    **ORDER Re: PLAINTIFF'S**
                                )    **MOTION TO REMAND** [36]
13       **v.**                  )
                                )
14  **EL PASO-LOS ANGELES**      )
    **LIMOUSINE EXPRESS, INC., et** )
15  **al**                       )
                **Defendants.**  )
16                               )
    _____
17

18       Now before the Court is Plaintiff Esther Reta

19  Montes De Oca's Motion to Remand Case to Superior Court

20  [36]. Having reviewed the papers submitted on this

21  issue, the Court hereby **GRANTS** Plaintiffs' Motion.

22                     **I. BACKGROUND**

23     This Action for personal injuries was commenced on

24  October 21, 2014 in California Superior Court for the

25  County of Los Angeles.  See Compl., Exh. 1 to Notice of

26  Removal.  Plaintiff has alleged that Defendants'

27  negligent conduct caused him bodily injury.  See id.

28  Defendants then removed this Action to federal court,

                          1

asserting a federal question under 28 U.S.C. § 1331.
See Notice of Removal.  Specifically, Defendants have argued that the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C.A. § 14501(c)(1), preempts state jurisdiction because claims for personal injury "are a veiled attempt at regulating the 'services' offered by a freight broker."  Notice of Removal ¶ 7.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1331, the district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted).

## III. DISCUSSION

Once again, the Court has noted in multiple opinions arising from the events that led to the litigation against these Defendants, "[w]here a

plaintiff invokes traditional elements of tort law and
the issue of preemption arises, 'the courts almost
uniformly have resolved against federal preemption.'"
Jimenez-Ruiz v. Spirit Airlines, Inc., 794 F. Supp. 2d
344, 348 (D.P.R. 2011) (quoting Dudley v. Bus. Exp.,
Inc., 882 F. Supp. 199, 206 (D.N.H. 1994)); see, e.g.,
Owens v. Anthony, No. 2-11-0033, 2011 WL 6056409, at *1
(M.D. Tenn. Dec. 6, 2011) (finding that personal injury
negligence claims are not preempted by the FAAAA); Gill
v. JetBlue Airways Corp., 836 F. Supp. 2d 33, 42 (D.
Mass. 2011) (state law negligence claim was not
preempted by ADA).  The Supreme Court has argued that
"is difficult to believe that Congress would, without
comment, remove all means of judicial recourse for
those injured by illegal conduct."  Silkwood v.
Kerr-McGee Corp., 464 U.S. 238, 251 (1984).

Defendants argue that notwithstanding the near-
universal refusal of the courts to find personal injury
actions preempted, Plaintiff's claim is an attempt to
regulate the services of a freight carrier in violation
of the ICCTA.  In attempting to define the word
"service," as used in the Airline Deregulation Act
("ADA"), the Ninth Circuit has warned that a broad
interpretation would "ignore the context of its use"
and effectively "result in the preemption of virtually
everything" a transporter does.  Charas v. Trans World
Airlines, Inc., 160 F.3d 1259, 1266 (9th Cir. 1998),
opinion amended on denial of reh'g, 169 F.3d 594 (9th

3

Cir. 1999).  The Ninth Circuit concluded that ADA regulations were "intended to insulate the industry from possible state economic regulation," not to "immunize the airlines from liability for personal injuries caused by their tortious conduct."  Id. Accordingly, the Ninth Circuit defines "service" "in the public utility sense-i.e., the provision of air transportation to and from various markets at various times."  More specifically, the court explained, "Congress used the word 'service' ... to refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail."  Id.

     Importantly, precedent from this District holds that "Section 14501(c)(1) is nearly identical to 49 U.S.C. § 41713 [formerly § 1305], part of the Airline Deregulation Act ("ADA"). Therefore, interpretations of this part of the ADA are applicable to § 14501(c)(1)." Works v. Landstar Ranger, Inc., 2011 WL 9206170 at *1 (C.D. Cal., Apr. 13, 2011 (citing Rowe v. N.H. Motor Transp. Ass'n, 552 U.S. 364, 368, 370 (2008)).  Thus, the same line of logic that rejects ADA preemption of personal injury claims applies to the argument that the ICCTA preempts Plaintiff's personal injury claims. Plaintiff's claims for negligence, peculiar risk, and non-delegable duty are not sufficiently related to Defendants' "service" to be preempted by § 14501(c)(1). See id. at *2.  To hold otherwise would do exactly as

4

the Supreme Court of the United States warned against
in Silkwood—it would prevent a plaintiff from obtaining
any recourse against illegal and/or tortious conduct.

Defendant has responded to this reality by arguing
that brokers are somehow different, and that Congress
must necessarily have intended for them to be insulated
in a way that the courts have determined that all other
motor carriers specified in the act are not—that is,
insulated for *tort liability*.  It is in this argument
that Defendant has missed the forest for the trees.  As
many courts have noted, 49 U.S.C. 14501(c)(1) is an
attempt to prevent the states from regulating carrier
rates, routes, or services—in short, to prevent states
from interfering with federal economic deregulation
related to carriers.  See, e.g., Morales v. Trans World
Airlines, Inc., 504 U.S. 374, 378, 112 S. Ct. 2031,
2033, 119 L. Ed. 2d 157 (1992) ("Congress, determining
that maximum reliance on competitive market forces
would best further efficiency, innovation, and low
prices  as well as variety [and] quality ... of air
transportation services, enacted the Airline
Deregulation Act . . . ."); Rowe v. New Hampshire
Motor Transp. Ass'n, 552 U.S. 364, 372, 128 S. Ct. 989,
996, 169 L. Ed. 2d 933 (2008)"the effect of the
regulation is that carriers will have to offer . . .
services that differ significantly from those that, in
the absence of the regulation, the market might
dictate"; City of Columbus v. Ours Garage & Wrecker

Serv., Inc., 536 U.S. 424, 426, 122 S. Ct. 2226, 2229, 153 L. Ed. 2d 430 (2002) (explaining that the statute's purpose is to ensure that the preemption of States' *economic authority* over motor carriers of property does not restrict the preexisting and traditional state police power over safety, a field which the states have traditionally occupied).  Unsurprisingly, Defendant can cite no legal authority for its proposition.  As has been discussed in previous opinions against Defendant, the courts have consistently held that a state's police power for ensuring safety is not preempted by the Act, and traditional tort actions are still within a state's jurisdiction.

The sole case to which Defendant cites, Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc., 888 F. Supp. 2d 197, 207 (D.N.H. 2012), is inapposite.  First, it does not address personal injury claims, but instead claims for cargo loss, which are not at issue here.  Id.  Indeed, in the paragraph to which Defendant cites, Defendant omits the very language that limits this holding to cargo damage claims:

> [W]hen a state common-law claim against a motor carrier **arising out of damage to cargo in interstate transportation is preempted,** a plaintiff still has a claim against the carrier under the Carmack Amendment.  But because the Carmack Amendment creates a federal statutory

> remedy against motor carriers only, when
> a state common-law claim against a motor
> private carrier or a broker is preempted
> by 49 U.S.C. 14501(c)(1), a plaintiff is
> left with no claim at all against a
> defendant who has successfully invoked
> preemption.

Id. (emphasis added).  The opinion discusses at length the interplay between the ICCTA and the Carmack Amendment, and the entire opinion notes that the Carmack Amendment exists specifically to fulfill Congress's desire to preempt state claims *for cargo damage*.  Defendant's arguments that its status as a broker exempt it from liability notwithstanding, Ameriswiss does not change the Court's mind because it assumes an entirely different area of law, and depends on the juxtaposition of the ICCTA and the Carmack Amendment, which only applies to cargo loss, for its reasoning.

Second, the Ameriswiss court explicitly refused to resolve the relevance of broker vs. carrier question ("[t]he court bypasses the question of [defendant's] status").  Thus, this Court will not take Ameriswiss to stand for the proposition that a broker has been Congressionally-mandated as exempt from liability. Third, Ameriswiss is a single case in district court in New Hampshire, and has been declined to be followed on this issue by subsequent courts.  See, e.g., AIG Europe

_Ltd. v. Gen. Sys., Inc._, No. CIV.A. RDB-13-0216, 2014
WL 3671566, at *5 (D. Md. July 22, 2014).  The Court
can also cite authority from other circuits that has
come to the opposite conclusion of _Ameriswiss_, holding
that unlike carriers, brokers are not exempt from state
law claims under the Carmack Amendment.  _See_, _e.g._
_AIG Europe Ltd. v. Gen. Sys., Inc._, No. CIV.A.
RDB-13-0216, 2014 WL 3671566, at *5 (D. Md. July 22,
2014).

In short, the Ninth Circuit has been clear about
how it treats personal injury liability under the
ICCTA.  Accordingly, Plaintiff's Motion to Remand is
granted.  Defendant's Request for Judicial Notice is
made irrelevant by the Court's decision. While the
Court acknowledges Plaintiff's request for Rule 11
sanctions, it opts not to assign them at this time.

### IV. CONCLUSION

This Court therefore **GRANTS** Plaintiff's Motion to
Remand Case to Superior Court [36].  Defendants'
pending Motion to Dismiss [12] is thus **VACATED AS MOOT.**

**IT IS SO ORDERED.**


DATED: March 17, 2015        RONALD S.W. LEW
                             _____
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge